[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a habeas matter initially brought by a petition dated September 18, 1991 through which the petitioner, Lester Smith, asserts that his confinement is illegal on the basis of his claim that he was denied the effective assistance of counsel in his criminal trial. Subsequently, by pleading dated August 14, 1995, and captioned as a "Supplemental Affidavit in Support of Previously Submitted Petition for Writ of Habeas Corpus", the petitioner claims that his trial attorney was ineffective in that he failed to impart to him the severity of the charges, and that he led him to believe that the case could be won. The petitioner further claims and that he had no idea of what to expect at trial since his past criminal proceedings in both the State and Federal courts never resulted in an actual trial, that he was unaware that mention of his prior convictions could be utilized to impeach his credibility as a witness, and he was unaware that the jury would be entitle to formulate its views of the credibility of his story by his demeanor, lifestyle and personal appearance as a witness. In this pleading, the petitioner further claims that if he had been advised that he could receive a sentence "anywhere close to 36 years" he would have encouraged his counsel CT Page 4146 to attempt to reach a plea agreement with the State. Finally, the petitioner claims that if he had known the severity of the charges and the substantial risk of conviction he would have acted differently when he met with the psychiatrist to whom he had been referred for a competency examination.
On April 10, 1996, the court conducted a hearing on the petitioner's claims during which the petitioner testified and documentation, including a transcript of the underlying criminal trial was introduced as evidence. The court makes the following findings of fact and orders based on the evidence adduced at the habeas hearing.
On September 25, 1984, in the Judicial District of New Haven, following a jury trial, the petitioner was convicted in file CR6-228177 of three counts of Robbery in the First Degree, and in file CR8-63177 of one count of Robbery in the First Degree. On file CR6-228177, he received a sentence of eighteen years of confinement in the care of the Commissioner of Corrections on one count and a sentence of ten years confinement on each of the two remaining counts, with the ten year sentences to run concurrently with one another and with the eighteen year sentence imposed on the first count. On file CR8-63177, the petitioner received a sentence of eighteen years confinement in the care of the Commissioner of Corrections, with that sentence to be served consecutively to the sentence imposed on CR6-228177. Additionally, on the day of sentencing for the crimes of which he had been convicted by a jury, the petitioner plead guilty in file CR6-226376 to the offense of Robbery in the First Degree for which he received a sentence of three years confinement to be served concurrently with the sentences imposed on files CR6-228177 and CR8-63177. As a result, the petitioner received a total effective sentence of thirty six years confinement.
The petitioner is currently an inmate in the care of the Commissioner of Corrections.
At his criminal trial, the petitioner was represented by Thomas Corradino. The State was represented by Roland Fasano.
The petitioner was unsuccessful in his appeal to the Appellate Court from the judgment of conviction, and his petition for certification to the Supreme Court was denied. cf. State v.Smith, 10 Conn. App. 624 (1987), cert. denied, 204 Conn. 809
(1987). CT Page 4147
At the petitioner's criminal trial, the court consolidated two files. In file CR6-228177, where the petitioner was charged with four counts of Robbery in the First Degree, the State's evidence was that the petitioner and an accomplice robbed a mini market and its customers in New Haven in the early morning hours of September 4, 1983. A store employee and one of the customers made an in court identification of the petitioner as one of the robbers. As to file CR8-63177, the State's evidence was that the petitioner and an accomplice robbed a Dairy Mart in West Haven at, approximately 4:45am on September 4, 1983, somewhat less than five hours after the New Haven robbery. At trial, a witness who was present in the Dairy Mart made an in-court identification of the petitioner.
In addition to the in-court identifications, the State offered evidence that there had been early descriptions of the assailants which, as to one of them, fit the petitioner's description. Additionally, the State offered evidence that the petitioner's car was seized after the robberies, and in the petitioner's car, the police discovered fruits of the robberies as well as other evidence connecting the petitioner to the crimes.
The petitioner testified on his own behalf that he had been at an establishment known as T-Bones until approximately 3 a.m, from which he journeyed to the home of a woman whose name he could not recall. He testified that, at one juncture during the early morning hours, he was approached by two men with guns who told him they had just committed one robbery and they intended to require him to go with them in his car for another robbery. He testified that at some point he alighted from the car and did not participate in any robbery during the time in question.
Prior to the petitioner's testimony, the State indicated, in the absence of the jury, that it intended to bring out on cross examination that the petitioner had two prior felony convictions, one in 1973 and one in 1979. Thus, the petitioner was apprised, prior to testifying, that he would be subject to impeachment on the basis of these prior felony convictions. Pursuant to his forewarning, Atty. Fasano noted the fact of these two prior felony convictions during his cross examination of the petitioner.
As a petitioner in a habeas action, Mr. Smith has the burden CT Page 4148 of proving his allegations. He has not met his burden. At sentencing, the court noted that the petitioner had multiple felony convictions. Indeed, it was the court's view that the petitioner was, at the time of sentencing, a career criminal. At the habeas hearing, the petitioner admitted that he had previous drug and robbery convictions. His claim that he did not know what to expect at trial because he had never before gone to trial on any of the past convictions, that he had always plead guilty, is disingenuous. At the habeas hearing, the petitioner acknowledged that he has attended four years of college. On observation of the petitioner as a witness, this court found him to be both articulate and forceful in the presentation of his claims, though not credible in his essential assertions.
The petitioner claims that he was offered a plea agreement prior to trial for an effective sentence of ten years but that he decided to go to trial because his counsel advised him that his case was "winnable". Nowhere, however, has the petitioner claimed that he was led to believe that he did not have the ultimate right to determine whether to go to trial. Nor has the petitioner proven that counsel's opinion, if given as claimed, was deficient. Not every "winnable" case is won.
As to the petitioner's claim that he was not properly prepared for the experience of being a trial witness, the court finds this assertion to be without merit. In reviewing the criminal trial transcript the court finds no areas of the petitioner's testimony which appear to have been made deficient by the petitioner's lack of preparation. The petitioner's testimony consisted, in the main, of his story of the events of the days in question. The petitioner has presented no evidence at the habeas hearing of ways in which his counsel could have varnished this story to give it a patina of credibility consistent with the applicable Rules of Professional Responsibility. The court infers, from the fact of the petitioner's testimony, that he told his counsel that he was innocent of these charges. The petitioner decided to testify. Having failed to convince the jury of the truthfulness of his testimony, he now seeks to blame his trial counsel for the consequences. The claim lacks merit.
Finally, the petitioner claims that if he had known the severity of the charges he would have acted "differently" when he met with Dr. Grove, to whom he had been referred for a determination of his mental competency. Dr. Grove examined the CT Page 4149 petitioner and found him competent to stand trial. Petitioner's Exhibit 1, Report of Dr. Grove. Essentially, the petitioner claims that if he had known the severity of the charges, and the likely sentencing consequences of being found guilty after trial, he would have acted differently with Dr. Grove to convince him that he was not, in fact, competent. In support of this claim, the petitioner submitted an earlier evaluation conducted in 1978 by Alan Gruenberg, M.D., in which Dr. Gruenberg had found him incompetent to stand trial. cf. Petitioner's Exhibit 2. This claim is devoid of merit. The court notes that at the time the petitioner's trial counsel referred him to Dr. Grove for examination, he enclosed Dr. Gruenberg's earlier evaluation together with writings of the petitioner which counsel believed would be useful to Dr. Grove in his assessment. cf. Petitioner's Exhibit 3. In short, Dr. Grove was provided the data necessary for the completeness of his examination. It is ludicrous to consider that the petitioner, simply be deciding upon what affect to present to a mental health professional, could have predetermined the doctor's findings on the issue of competency.
In reviewing a claim of ineffective assistance of counsel in the habeas context, the court must determine whether counsel's performance was deficient and, if so, whether the petitioner was prejudiced by the deficient behavior. Strickland v. Washington,466 U.S. 688 (1984), Bunkley v. Commissioner, 222 Conn. 444
(1992). The petitioner has presented no credible evidence that his counsel's performance was deficient.
Accordingly, the petition is dismissed.
Bishop, J.